WELCH JONES ET AL v. F. G. MATHENEY & SON.

Pleading—Bills and Notes—Allegations in Petition.

In a suit on a note, the possession of same by the plaintiff and filing it with the petition, is sufficient to authorize a recovery of the amount due on same, although no distinct averments are made in the petition that the note had been transferred by delivery to plaintiff, together with an affidavit that it was just and due and that he ought to recover the amount of same.

Summons—Constructive Service—Failure to Execute Bond—Appearance in Court of Appeals Cures Defect.

The appearance of a defendant in the Court of Appeals cures a defect of the failure to execute bond in the court below by an appellant in a suit on a note.

APPEAL FROM MERCER CIRCUIT COURT.

February 6, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

The possession of the note executed to McCoun, and the filing it with their petition, although there is not a distinct averment that it was transferred by delivery to appellees by the payee, together with the affidavit that it was just and due them and they ought to recover the amount thereof, would be sufficient to authorize them to recover the amount, and for the omission of the positive averment, that the note was theirs the judgment would not be reversed. But no bond was executed by appellees to appellant, W. Jones, who was constructively summoned, as is required by *Sub-division* 2 *of section* 440 *Civil Code*. And it has been repeatedly held by this court that a failure to execute the bond therein required is an error for which the judgment will be reversed, that a reversal in this case is unavoidable on that ground. Notwithstanding this question has been so repeatedly decided by this court, there seems to be a fatal carelessness on the part of plaintiffs in this character of actions, on that point, that warnings, no matter how oft repeated, are powerless to correct.

Wherefore, for failure to execute the bond as by *Sec. Supra* the judgment is *reversed,* and the cause remanded for further pro-

ceedings not inconsistent with this opinion. But appellant's appearance in this court is an appearance to the action, and a bond will not be required.

*Harlan, for appellant.*

*J. D. Hardin, for appellee.*